Filed 9/20/23  P. v. <u>Williams</u> <u>CA4/1</u>

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>TASHION WILLIAMS,<br><br>        Defendant and Appellant. | D081186<br><br><br>(Super. Ct. No. SCD150358) |

APPEAL from an order of the Superior Court of San Diego County, Evan P. Kirvin, Judge.  Reversed and remanded.

Aurora E. Bewicke, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, Lynne G. McGinnis and Andrew Mestman, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION[1]

Tashion Williams appeals from an order denying his petition for resentencing of a 2001 special circumstance murder conviction under Penal Code section 1172.6.[2] The People concede the trial court erred by finding Williams ineligible for relief as a matter of law at the prima facie stage. We accept the concession.

Williams and his co-defendant, Darnell Johnson, were each charged with murder (§ 187, subd. (a)) and conspiracy to commit murder (§ 182, subd. (a)(1)), with a lying-in-wait special circumstance (§ 190.2, subd. (a)(15)). Williams alone was charged with personal use of a deadly weapon. (§ 12022, subd. (b).) Both men were tried in a single trial with two different juries. The Williams jury and Johnson jury convicted each defendant of first degree murder with the special circumstance of lying in wait, but acquitted on the charge of conspiracy to commit murder. The Williams jury also found true that Williams personally used a deadly weapon in the commission of the murder. The trial court sentenced both defendants to life without the possibility of parole. On direct appeal, we affirmed the judgment as to both defendants. (*People v. Johnson* (Jan. 7, 2003, D038107) [nonpub. opn.] 2003 WL 42502.)

---

[1]     We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.

[2]     All further statutory references are to the Penal Code. Williams brought his petition under former section 1170.95, which was amended effective January 1, 2022, and then renumbered as section 1172.6 without substantive change on June 30, 2022. (See Stats. 2022, ch. 58, § 10, (Assem. Bill No. 200).) We will refer to the statute by its current number.

In March 2022, Williams filed a petition for resentencing under section 1172.6. The trial court appointed counsel for Williams, and the parties submitted briefing on whether he had established a prima facie case for relief. After a hearing, the court issued an order denying the petition. Relying on "the record of conviction, including the Court of Appeal opinion" in the prior appeal "and the trial court file, including the jury instructions," the court concluded that Williams had failed to establish a prima facie case for relief. It explained: "According to the jury instructions and appellate opinion in this case, the only theory advanced, and the only theory under which the jury could have convicted [Williams], was that [Williams] intentionally and personally killed the victim with a deadly weapon."

Williams contends the trial court erred by finding him ineligible for relief at the prima facie stage under section 1172.6, subdivision (c). He claims the jury did not necessarily find that he was the actual killer or that he aided and abetted the killing with malice aforethought. The Attorney General agrees with Williams. Based on the instructions given—including the instructions on aiding and abetting (CALJIC Nos. 3.00 and 3.01) and the pre-*Banks*[3] and pre-*Clark*[4] instruction on the lying-in-wait special circumstance (CALJIC Nos. 8.80.1 and 8.81.15)—the Attorney General concedes "although it was unlikely, it is *possible* [Williams] was convicted under an aiding and abetting theory" and thus "it cannot be *conclusively* said

3     *People v. Banks* (2015) 61 Cal.4th 788.

4     *People v. Clark* (2016) 63 Cal.4th 522.

that [Williams] is ineligible for relief because the jury found he was the actual killer."[5]

As a general rule, courts may consider a prior appellate opinion as part of the record of conviction at the prima facie stage of a section 1172.6 petition. (See *People v. Lewis* (2021) 11 Cal.5th 952, 972.)  However, as the *Lewis* court cautioned, "the probative value of an appellate opinion is case-specific" and " 'might not supply all answers.' " (*Ibid.*)  Here, based on the parties' agreement, we will accept (without deciding) that this is a case in which the prior appellate opinion does not supply all the answers.  We further agree with the parties the jury instructions and verdicts alone do not conclusively establish that the jury convicted Williams as the actual killer.  Accordingly, we shall accept the Attorney General's concession and remand the matter for an evidentiary hearing under section 1172.6, subdivision (d).  We express no opinion on the outcome of that hearing.

---

[5]     At oral argument, the Attorney General acknowledged the prosecutor in his closing argument to the jury relied on the alternative theory Williams could be convicted under an aiding and abetting theory.

## DISPOSITION

We reverse the trial court's order denying the petition.  On remand, the trial court is directed to issue an order to show cause pursuant to section 1172.6, subdivisions (b)(3) and (c), and to conduct an evidentiary hearing pursuant to subdivision (d).


DO, J., Acting P.J.

WE CONCUR:


BUCHANAN, J.


RUBIN, J.

5